ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC.
124 W STOCKER ST STE B
GLENDALE, CA 91202
T. 818-532-9339
F. 818-394-6452
EMAIL: DISPUTES@OMNIALEGAL.ORG

ATTORNEY FOR PLAINTIFF

FILED
12 AUG 31 PM 4:19
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TIGRAN GEVORGYAN, an individual,
Plaintiff,
vs.
BANK OF AMERICA N.A., A National Association
CHASE BANK USA N.A., A National Association
GE CAPITAL RETAIL BANK, A Utah Corporation
HSBC BANK USA N.A., A National Association
PERSOLVE, LLC., A California Limited Liability Company
CACH LLC., A Colorado Limited Liability Company
MIDLAND CREDIT MANAGEMENT, INC., A Kansas Corporation
RIVERWALK HOLDINGS, LP., A Texas Limited Partnership

**Defendants.**

**CASE NO.:** CV12-07533 GW (MRWx)

**COMPLAINT FOR DAMAGES:**

1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT;
2) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT;
3) VIOLASATIONS OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;
4) VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;
5) DECLARATORY RELIEF.

**DEMAND FOR JURY TRIAL**

This action is brought by Plaintiff TIGRAN GEVORGYAN ("Plaintiff") by and through his attorney Arshak Bartoumian against all named Defendants for violations of the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA") and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA"), and for violations of Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et

seq.] ("RFDCPA") against select Defendants.

## PRELIMINARY STATEMENT

1. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

2. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

3. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

4. CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined

that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

6. To prohibit deceptive practices the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

7. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among these per se violations prohibited by that section are: any collection activities and the placement of telephone calls without meaningful disclosure of the caller's identity [15 U.S.C. §1692d(6)]

8. The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if

otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

9. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

## I. JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

11. Supplemental jurisdiction rests upon 28 U.S.C. §1367.

12. Venue is proper in this United States District Court, Central District of California because Defendants' violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II. PRIVATE RIGHT OF ACTION

13. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

14. Gorman v. MBNA America Bank, N.A., No. 06-17226 further established Private Remedy Against Furnishers by consumers and FCRA Section 1681s-2(b) triggers Defendants' furnisher's liability under this section, since Plaintiff made his initial disputes with the credit reporting agencies.

15. Cal. Civ. Code §1785.15(f) expressly states that consumers "have a right to bring civil action against anyone [...], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report. Plaintiff has further right to action pursuant to Cal. Civ. Code §1785.31(a), which states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

16. *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

17. 15 U.S.C §1692k(a) states that "... any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

18. Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action..."

## III. THE PARTIES

19. Plaintiff TIGRAN GEVORGYAN is a natural person residing in Los Angeles County, State of California.

20. Plaintiff is a consumer as defined in 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

21. Defendant BANK OF AMERICA N.A. ("BANA") is a National Association.

22. Defendant CHASE BANK USA N.A. ("CHASE") is a National Association.

23. Defendant GE CAPITAL RETAIL BANK ("GE") is a Utah Corporation.

24. Defendant HSBC BANK USA N.A. ("HSBC") is a National Association.

25. Defendant PERSOLVE, LLC ("ARG") is a California Limited Liability Company.

26. Defendant CACH, LL ("CACH") is a Colorado Limited Liability Company.

27. Defendant MIDLAND CREDIT MANAGEMENT, INC ("MCM") is a Kansas Corporation.

28. Defendant RIVERWALK HOLDINGS, LP ("RH") is Texas Limited Partnership.

29. Defendants and each one of them is a person as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

30. Defendants and each one of them is a furnisher of information within the meaning of 15 U.S.C. §1681-s2.

31. Defendants are each a debt collector as defined in 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c).

32. Defendants acted through their agents, employees, directors, contractors and other authorized parties acting within the course and scope of their employment or agency and under the direct supervision and control of each respective Defendant.

## IV. FACTS COMMON TO ALL COUNTS

33. In or around December 15, 2011 Plaintiff, who is not a minor, checked his credit report from the three national credit reporting agencies, Experian, Equifax and Transunion (collectively "CRAs"), and discovered multiple credit accounts reported by Defendants BANA (Account#s 488894099417… and 5329069999000… ), CHASE (Account#418588600719…), GE (Account#601918039404…), HSBC (Account#515597001757…), PERSOLVE

(Account#C101...), CACH (Account#12000132... & 1547218010040...), MCM (Account#853571...) and RH (Account#) in negative status. These credit accounts were unfamiliar to Plaintiff, as he did not recall ever opening them and he was never informed by the furnishers of their negative credit reporting.

34. On or about December 15, 2011 Plaintiff contacted the CRAs and disputed the unknown credit accounts reported by the Defendants identified in paragraph 33, pursuant to 15 U.S.C. §1681s-2(b). On or about January 05, 2012, following his credit bureau disputes, Plaintiff sent letters to these Defendants, in which he requested documentation substantiating the existence, ownership and accuracy of the accounts reported by each of them, otherwise their immediate and permanent deletion from his credit file.

35. Upon receipt of Plaintiff's disputes, Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH each continued to report the disputed accounts to the CRAs, without notice that the accounts had been disputed by Plaintiff, all throughout the investigation period and thereafter. They further failed to properly address Plaintiff's direct disputes with them and failed to provide for his requested verification for the disputed accounts.

36. On February 07, 2012 and February 27, 2012 Plaintiff followed up with Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH and each one of them on multiple occasions, resubmitting his requests and demanding deletion of the unverified accounts due to lack of verification, but each of his correspondences went unanswered or were improperly handled and responded to.

37. In or about December, 2011 Plaintiff consulted with attorneys and credit professionals and retained an agent to communicate with Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH on his behalf regarding his disputes. At the time, during a credit review of his updated credit records, Plaintiff also learned that Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH had reported a charged off accounts to his credit file, without prior notice of the debts or of the negative credit reporting.

38. In or around December 15, 2011 Plaintiff contacted the CRAs with dispute of the accounts reported by BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH as not his, since he did not agree with their alleged debts. Following his submission of a credit dispute of the BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH, Plaintiff contacted Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH through his agent

with a Power of Attorney and also sent in a debt/account verification/validation to BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH. Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH failed to answer to Plaintiff's debt/account verification/validation requests, failed to cease collection activity and credit reporting upon receipt of Plaintiff's dispute, and failed to inform the CRAs that the accounts were in dispute.

39. Plaintiff sent multiple further follow ups to Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH, both directly from his and through his agent, but all of his correspondences proved unsuccessful in attaining Defendants' cooperation.

40. Regardless of Plaintiff's attempts to seek Defendants' cooperation, Defendants and each one of them continuously failed to answer back to Plaintiff with appropriate proof of investigation and verification of the information in dispute and failed to take corrective action.

41. To date Defendants continue to report the unverified accounts on Plaintiff's credit records.

42. The inaccurate accounts negatively reflect upon Plaintiff as a consumer, borrower/debtor and they negatively impact his creditworthiness and financial standing.

43. Plaintiff has suffered financial and emotional distress as a result of Defendants' violations, which include but are not limited by the following:

a. Actual damages arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges;

b. Out of pocket expenses associated with communicating with Defendants, disputing the credit information, and fees paid to attorneys and credit professionals for the assistance attained in the process;

c. Emotional distress and mental anguish associated with having derogatory credit information transmitted about Plaintiff to other people both known and unknown;

d. Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

**COUNT I**

**Violations of FCRA**

**Against All Defendants**

44. Plaintiff repeats and reincorporates by reference the above paragraphs.

45. Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH knowingly and willfully violated the FCRA. Defendants' violations include, but are not limited to the following:

a. Furnishing inaccurate/unverified information to the CRAs in violation of 15 U.S.C. §1681s-2 (a);

b. Failing to inform Plaintiff about negative credit reporting made on his credit report, prior to or within five (5) days of furnishing a collection account to the CRAs, in violation of 15 U.S.C. §1681s-2 (a)(7)(A);

c. Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute in violation of 15 U.S.C. §1681s-2 (a)(8)(E);

d. Verifying disputed accounts with the CRAs prior to conducting thorough investigation and without having substantiating support for such verification;

e. Reporting disputed information to the CRAs, without notice of Plaintiff's dispute, during the investigation period and prior to providing verification of accuracy in violation of 15 U.S.C. §1681s-2 (a)(3);

f. Continuing to report unverified information to the CRAs after lack of response and verification;

**COUNT II**

**Violations of CCRAA**

**Against All Defendants**

46. Plaintiff repeats and reincorporates by reference the above paragraphs.

47. Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH knowingly and willfully violated CCRAA. Defendants' violations include, but are not limited to the following:

a. Submitting negative credit information to Plaintiff's credit report with the CRAs, without notifying the Plaintiff in violation of California Civil Code §1785.26(b);

b. Continuing to report the account to the CRAs, upon receipt of Plaintiff's dispute

and during the investigation period, without notice that the account has been disputed by Plaintiff in violation of California Civil Code §1785.25(c);

c. Failing to acknowledge Plaintiff's demand for investigation and correction of information furnished to the CRAs, following Plaintiff's receipt of CRAs' reinvestigation results in violation of California Civil Code §1785.30;

**COUNT III**

**Violations of FDCPA**

**Against Defendants**

48. Plaintiff repeats and reincorporates by reference the above paragraphs.

49. Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH knowingly and willfully violated the FDCPA by:

a) Failing to provide dunning notice of debt and a written notice of Plaintiff's right to request validation of debt along with information about the alleged debt, including the name and contact information of the original creditor pursuant to 15 U.S.C. §1692g(a);

b) Failing to cease collection activity and continuing to make collection efforts on the alleged debt without properly responding to Plaintiff's validation request pursuant to 15 U.S.C. §1692g(b);

c) Failing to properly validate the alleged debt pursuant to 15 U.S.C. §1692g(b);

d) Using false representations and deceptive means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692e;

e) Using unfair or unconscionable means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692f.

**COUNT IV**

**Violations of RFDCPA**

**Against Defendants**

50. Plaintiff repeats and reincorporates by reference the above paragraphs.

51. Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH knowingly and willfully violated RFDCPA by:

a) Using false representations and deceptive means to collect or attempt to collect debts pursuant to Civil Code §1788.17;

b) Using unfair and/or unconscionable means to collect alleged debts pursuant to California Civil Code §1788.17.

**COUNT V**

**Declaratory Relief**

**Against All Defendants**

52. Plaintiff repeats and reincorporates by reference the above paragraphs.

53. Plaintiff requests judgment in his favor and against the Defendants for:

1. Actual damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.31(a)(2)(A) against all Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH; and per 15 U.S.C. §1692k(a)(1) and/or Civil Code §1788.30(a) against Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH, inclusive.

2. Statutory damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.19(a) against all Defendants; and per 15 U.S.C. §1692k(a)(2) and/or Civil Code §1788.30(b) against Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH, inclusive.

3. Costs and reasonable attorney's fees, per 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020 against all Defendants; and 15 U.S.C. §1692k(a)(3), and/or Civil Code §1788.30(c) against Defendants BANA, CHASE, GE, HSBC, PERSOLVE, CACH, MCM and RH, inclusive.

4. Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow.

5. Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendants to delete the reporting of the unverified accounts.

6. Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202.

7. Any other relief as this Honorable Court deems appropriate.

DATED: August 24, 2012

Respectfully submitted,

By: [signature]

ARSHAK BARTOUMIAN,

Attorney for Plaintiff

**VERIFICATION**

I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed: August 24, 2012

By:__________________________

TIGRAN GEVORGYAN, Plaintiff

ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC TEL. 818-532-9339
124 W STOCKER ST STE B GLENDALE CA 91202

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIGRAN GEVORGYAN, an individual<br><br>PLAINTIFF(S)<br>v.<br>BANK OF AMERICA N.A., A National Association<br>(See Attached for Additional Defendants)<br><br>DEFENDANT(S). | CASE NUMBER<br>CV12-07533 GW(MRWx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): BANK OF AMERICA N.A
(See attached for additional Defendants)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, ARSHAK BARTOUMIAN, whose address is 124 W STOCKER ST STE B, GLENDALE, CA 91202. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: AUG 31 2012

By: ______________________
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC.
124 W STOCKER ST STE B
GLENDALE, CA 91202
T. 818-532-9339
F. 818-394-6452
EMAIL: DISPUTES@OMNIALEGAL.ORG

ATTORNEY FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TIGRAN GEVORGYAN, an individual,
Plaintiff,

vs.

BANK OF AMERICA N.A., A National Association
CHASE BANK USA N.A., A National Association
GE CAPITAL RETAIL BANK, A Utah Corporation
HSBC BANK USA N.A., A National Association
PERSOLVE, LLC., A California Limited Liability Company
CACH LLC., A Colorado Limited Liability Company
MIDLAND CREDIT MANAGEMENT, INC., A Kansas Corporation
RIVERWALK HOLDINGS, LP., A Texas Limited Partnership

**Defendants.**

**CASE NO.:**

**COMPLAINT FOR DAMAGES:**

1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT;
2) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT;
3) VIOLASATIONS OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;
4) VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;
5) DECLARATORY RELIEF.

**DEMAND FOR JURY TRIAL**

This action is brought by Plaintiff TIGRAN GEVORGYAN ("Plaintiff") by and through his attorney Arshak Bartoumian against all named Defendants for violations of the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA") and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA"), and for violations of Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

**CV12- 7533 GW (MRWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TIGRAN GEVORGYAN

**DEFENDANTS**
BANK OF AMERICA N.A. et al
(see attached for additional defendants)

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ARSHAK BARTOUMIAN (SBN 210370): TEL. 818-532-9339
OMNIA LEGAL, INC
124 W STOCKER ST STE B, GLENDALE, CA 91202

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only**
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT: $** Not Yet Asserted

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. SEC. 1681, CAL CIV CODE 1785

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☑ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV12-07533

**FOR OFFICE USE ONLY:** Case Number: ______________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] Date 08/24/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |