# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-7533-GW(MRWx) | Date | November 19, 2012 |
| Title | *Tigran Gevorgyan, et al. v. Bank of America, N.A., et al.* | | |

**Present: The Honorable** GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Anne Kielwasser | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present

Raagini Shah
Keith A. Yeomans
Christopher W. Vincent

**PROCEEDINGS:** DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFF TIGRAN GEVORGYAN'S COMPLAINT (filed 10/05/12)

DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) (filed 10/05/12)

DEFENDANT CHASE BANK USA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (filed 10/05/12)

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (filed 10/22/12)

Counsel for plaintiff is not present. The Tentative circulated and attached hereto, is adopted as the Court's final ruling. Plaintiffs' motion for leave is **GRANTED**. However, counsel for plaintiff is ordered to pay costs for the preparation of Defendants' motions and appearances today. This order is a result of Plaintiff's failure to appear today. A joint statement as to costs and proposed judgment will be filed by November 21, 2012. Plaintiffs' filing of the First Amended Complaint is due upon payment of costs to the defendants.

Defendants' motions to dismiss are **DENIED**. Additionally, Defendant HSBC Bank, USA, N.A.'s Motion to Dismiss Complaint, filed on November 2, 2012, and Defendant Cach, LLC's Motion to Dismiss Complaint, filed on November 13, 2012, and set for December 13, 2012 are deemed **MOOT**.

                                                                                                    :   07

Initials of Preparer   JG

<u>*Gevorgyan v. Bank of America, N.A., et al.*</u>, CASE NO. CV-12-7533-GW(MRWx)
Tentative Ruling on Motion for Leave to Amend Complaint

### I. Background

On August 31, 2012, Tigran Gevorgyan ("Plaintiff") filed suit against Bank of America, N.A., Chase Bank USA, N.A., GE Capital Retail Bank, Inc., HSBC Bank USA, N.A., Persolve, LLC, CACH, LLC, Midland Credit Management, Inc., and Riverwalk Holdings, LP ("Defendants") alleging violations of: (1) the Fair Credit Reporting Act, (2) the California Consumer Credit Reporting Act, (3) the Fair Debt Collection Practices Act, (4) California Rosenthal Fair Debt Collection Practices Act, and (5) seeking declaratory relief. Docket No. 1 ¶¶ 45, 47, 49, 51, 53. On October 4, 2012, GE Capital Retail Bank, Inc. filed its answer. *See* Docket No. 11. The following day, Bank of America, N.A. ("BofA") and Chase Bank USA, N.A. ("Chase") filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Docket Nos. 14, 16. Plaintiff now moves for leave to amend his complaint. *See* Docket No. 20. Defendants BofA and Chase oppose Plaintiff's motion. *See* Docket No. 25; Docket No. 26.

### II. Legal Analysis

    A. <u>Legal Standard</u>

A party may amend its pleading as a matter of course within twenty-one days of serving it, or twenty-one days of service of a responsive pleading or motion under Federal Rule of Civil Procedure 12(b), (e), or (f). F. R. Civ. P. 15(a)(1). After such time a party may only amend on written consent of opposing counsel, or with leave of court. F. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires," and this policy is applied with "extreme liberality." *Id.*; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). This serves to foster decisions on the merits, rather than on the pleadings or mere technicalities. *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Factors which may support denial of a motion to amend under Rule 15(a)(2) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption*

under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052. A proposed amendment is "futile" only if it fails to state a claim for which relief can be granted, thus the standard in assessing futility is the same as that which governs motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also Nordyke v. King*, 644 F.3d 776, 778 n.12 (9th Cir. 2011) (courts still look to the standards governing (12)(b)(6) motions in assessing futility per *Miller*, although those standards now reflect the changes brought about by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).[1]

    B. Analysis

        1. *Futility*

Defendants BofA and Chase both contend that Plaintiff's proposed amended complaint ("FAC") is futile because it contains undifferentiated pleading against multiple defendants and thereby fails to put each defendant on fair notice of its alleged wrongdoing. *See* Docket No. 25, at 2-3; Docket No. 26, at 11-13. The Court disagrees that Plaintiff's FAC suffers such a deficiency. The FAC identifies which accounts "in negative status" pertain to each Defendant. FAC ¶ 29. The FAC also alleges that "Plaintiff contacted the CRAs and disputed the unknown accounts by Defendants BANA, CHASE," and that "the CRAs contacted Defendants" but that "Defendants…*each* continued to report the disputed accounts." FAC ¶¶ 31-32, 36 (emphasis added). Elsewhere, Plaintiff makes allegations specific only to certain defendants. *See* FAC ¶¶ 31, 34-35, 38-41 (Plaintiff's allegations specific to CACH, LLC, Midland Credit Management, Inc., collectively, and HSBC Bank USA, N.A., and Riverwalk Holdings, LP, individually). The fact that a plaintiff makes some allegations collectively and others individually is not fatal to his complaint, at least not in a case raising allegations such as those that are involved here. Finally, Plaintiff clearly identifies which causes of action he is bringing against which defendant. *See id.* ¶¶ 47, 49, 51, 53. The Court concludes that all Defendants have "fair notice" of each claim asserted against them and the "grounds on which it rests," at least for purposes of this motion. *Twombly*, 550 U.S. at 555.

Defendant BofA also argues that Plaintiff's FAC is futile because it fails to state a claim

---

[1] The Ninth Circuit reheard *Nordyke* en banc. *See Nordyke v. King*, 681 F.3d 1041 (2012), *petition for cert. filed*, 81 U.S.L.W. 3110 (U.S. Aug. 30, 2012) (No. 12-275). However, the *Nordyke* three-judge panel opinion also cited to the Ninth Circuit's decision in *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293 (9th Cir. 1998), for the proposition that "a proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Nordyke*, 644 F.3d at 778 n.12 (quoting *Steckman*, 143 F.3d at 1298).

for which relief may be granted, contending that it fails to allege that BofA reported any inaccurate information.[2] Docket No. 25, at 3-4. As noted above, courts apply the same standard which governs motions to dismiss under Federal Rules of Civil Procedure 12(b)(6) in assessing futility. *Miller*, 845 F.2d at 214. However, the plain language of 15 U.S.C. § 1681s-2(b)(1) indicates that what Plaintiff is required to allege is that Defendants received notice that the accounts were *in dispute* from a credit reporting agency ("CRA") to whom they had furnished information. 15 U.S.C. § 1681s-2(b)(1) (the requirements of the section apply "[a]fter receiving notice...of a dispute"); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (furnishers' duties under 15. U.S.C. § 1681s-2(b) are "triggered upon notice of dispute— that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information.") (internal quotations and citations omitted); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002). He does. *See* FAC ¶ 32.

While this Circuit does impose a requirement that a Plaintiff make a *prima facie* showing of inaccurate reporting with regard to certain provisions of the Fair Credit Reporting Act, it is not clear that this necessarily applies to violations of 15 U.S.C. § 1681s-2(b), and in any case, BofA has not provided this Court with any binding precedent indicating as much. Docket No. 25, at 4-5; *see Dennis v. BEH-1, LLC,* 520 F.3d 1066, 1069 (9th Cir. 2008) (holding that Plaintiff must make a *prima facie* showing of inaccuracy with regard to violations of 15 U.S.C. § 1681i). However, the Court need not resolve this issue at this stage because Plaintiff does in fact allege that the information was inaccurate. BofA relies on an overly technical reading of Plaintiff's complaint, arguing that because Plaintiff only stated that the accounts in question "were unfamiliar to Plaintiff, as he did not recall ever opening them and as such he concluded that they do not belong to him," that he did not allege that the statements were actually inaccurate. Docket No. 25, at 3-4; Docket No. 26, at 11; FAC ¶ 29. Plaintiff's allegation that he concluded that the accounts did not belong to him suffices to form an allegation that they did not in fact belong to him and were thus inaccurate as reflected on his credit reports. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("[A]n item on a credit report can be 'incomplete or inaccurate'...' 'because it is patently incorrect, or because it is misleading in such a way and

---

[2] Chase hints at this argument in its opposition, but quickly proceeds to argue futility on the basis of undifferentiated pleadings against multiple Defendants. *See* Docket No. 26, at 11-13. To the extent Chase sought to raise this argument, it is addressed and rejected here.

to such an extent that it can be expected to adversely affect credit decisions.'") (internal citations omitted); *Gorman*, 584 F.3d 1147, 1162 (9th Cir. 2009) (failing to report that an item is disputed by the consumer creates a private right of action for incomplete or inaccurate reporting in violation of 15 U.S.C. § 1681s-2(b)); *Drew v. Equifax Info. Servs. LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) (finding that whether or not reporting an account belonging to someone was inaccurate despite being labeled as "lost or stolen" constituted a triable issue of material fact). Thus, to the extent it may be required, Plaintiff has made "a *prima facie* showing of inaccurate reporting." *Dennis*, 520 F.3d at 1069. The Court concludes that BofA and Chase have insufficiently demonstrated that the FAC should be barred based on these "futility" arguments.

Finally, with regard to both futility arguments, the Court notes that leave to amend should be granted unless the court determines that the pleading "could not possibly be cured by the allegation of other facts." *Lopez v. G.A. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also, e.g., Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701-702 (9th Cir. 1990). Whether or not Plaintiff's allegations are in fact sufficient at present, Plaintiff might cure any remaining defects by further amending his complaint. Defendants have failed to establish futility.

### 2. Bad Faith

Defendants BofA and Chase also both argue that Plaintiff's motion should be denied because Plaintiff's counsel is acting in bad faith. *See* Docket No. 25, at 5-6; Docket No. 26, at 8-11. Each cite to numerous other cases wherein Plaintiff's counsel made allegations similar to those in his original complaint and subsequently lost on the claims which he is here attempting to amend. *Id.* However, whether or not Plaintiff's counsel has previously brought claims in bad faith is irrelevant to this Court's decision with regard to Plaintiff's motion here. *Griggs v. Pace Am. Group*, 170 F.3d 877, 880 (9th Cir. 1999) (holding that bad faith is determined by examining the proposed amended pleading, regardless of prior filings in bad faith) . Plaintiff's amended complaint could be found to be made in bad faith if it failed to cure obvious problems in the original complaint or the plaintiff was merely seeking to prolong the litigation by adding new but baseless legal theories; however that is not clearly the case here. *Id.*; *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). To the contrary, in the FAC, Plaintiff removes the obviously "baseless" claims in his original complaint, and seeks now to

4

proceed on those which do not suffer from the same glaring deficiencies. *Compare* Compl. ¶¶ 45(b)-(c), 47(a)-(c) *with* FAC ¶¶ 47(a)-(c), 49(a). Of note, Chase agrees that "the original complaint in this action ... sought to state causes of action in reliance on inapplicable provisions in the FCRA and the CCRAA" but that "Plaintiff's counsel] has removed the references to those statutes..." *See* Docket 26, at 7. While Plaintiff's counsel may have acted in bad faith in his previous filings in this case or others, the Court does not find that Plaintiff's FAC is necessarily brought in bad faith.

However, while the Court declines to find that the FAC is necessarily brought in bad faith, imposition of costs is warranted. As noted by both BofA and Chase, Plaintiff's counsel has filed numerous similar actions in the Central District this year, many of which suffer the same deficiencies as the original complaint in this action. *See* Docket No. 25, at 5-6; Docket No. 26, at 2-7. Thus, the Court agrees that "Plaintiff's counsel must have been very familiar [with these deficiencies] when he filed the complaint in this action." Docket No. 26, at 10. Chase had informed Plaintiff's counsel of the same or similar deficiencies on August 14, 2012, with regard to his complaints in *Eliasian v. Bank of America, N.A., et al.* and *Khayan v. Bank of America, N.A., et al.*, before he filed the complaint in this matter. Docket No. 26, Ex. A-B. Thus, Plaintiff's counsel certainly could have corrected his faulty pleading prior to even filing it, or at least amended the complaint as a matter of course, after filing it. Finally, Plaintiff's counsel could have informed Chase of his intent to file an amended complaint after Chase's counsel attempted to meet and confer on September 24, 2012. Docket No. 26, Ex. C. A district court may impose costs as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty. *See, e.g., General Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995); *Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 275 (9th Cir. 1965). Thus, while the Court will grant Plaintiff's motion for leave to amend, it will be conditioned on Plaintiff's counsel paying Chase reasonable costs incurred in drafting its motion to dismiss, and its opposition to the instant motion.

### III. Conclusion

For the foregoing reasons the Court finds that amendment is not futile and declines to find that Plaintiff's FAC is brought in bad faith, but concludes that imposition of costs as a condition of granting leave to amend is warranted. Plaintiff's motion is granted upon Plaintiff's counsel's payment of reasonable costs to Chase in an amount to be determined at the hearing.